IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

JANINE D. THOMPSON,

                      Plaintiff,

                                          5:13-CV-91 (DNH/DEP)

   v.

NEW YORK STATE OFFICE OF MENTAL
RETARDATION AND DEVELOPMENTAL
DISABILITIES,

                      Defendant.
_____

APPEARANCES:

JANINE D. THOMPSON
Plaintiff, *pro se*
410 Hannah Street
Apt. 2
Endicott, New York 13760

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION and ORDER

    *Pro se* plaintiff Janine D. Thompson ("Thompson") has commenced this employment discrimination action against the New York State Office of Mental Retardation and Developmental Disabilities ("NYS OMRDD"). Dkt. No. 1. Prior to commencing this action, plaintiff received notice of her right to file suit from the Equal Employment Opportunity Commission on October

30, 2012. Dkt. No. 1-1. Plaintiff has not paid the filing fee for this action, and requests leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 3.

Plaintiff's complaint and IFP application have been referred to me for review. For the reasons set forth below, I conclude that plaintiff may proceed IFP, but recommend that her complaint be dismissed for failing to state a claim of employment discrimination.

I. <u>BACKGROUND</u>

Generally, plaintiff's complaint alleges the following. Plaintiff was employed by defendant NYS OMRDD as an aide at the Broome Development Center ("BDC"). Dkt. No. 1 at 3. At an unidentified point in time, plaintiff was placed on administrative leave for three and one-half months after being falsely accused of abusing a resident at BDC. *Id.* An investigation into that accusation was inconclusive. *Id.* After receiving training, plaintiff returned to work. *Id.* Plaintiff then interviewed with defendant NYS OMRDD for a job as an LPN, which would have been a promotion from her position as an aide. *Id.* One day before the promotion was to take effect, plaintiff was terminated as a result of another accusation that she had been psychologically abusive towards a resident. *Id.* Plaintiff's complaint alleges that the termination was without cause. *Id.*

II.     DISCUSSION

   A.     Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed IFP is granted.

   B.     Sufficiency of Plaintiff's Complaint

       1.     Legal Standard

Because I have found that plaintiff Thompson meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face

of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").[2]

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16

---

[2] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

(N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Plaintiff's Employment Discrimination Claim</u>

Employment discrimination claims are subject to the legal standards

set forth in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 684 ("Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision . . . expounded the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike." (internal quotation marks and citations omitted)). Although "an employment discrimination plaintiff need not plead a prima face case of discrimination," the pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002); *see also Chang v. City of New York*, No. 11-CV-7062, 2012 WL 1188427, at *3-4 (S.D.N.Y. Apr. 10, 2012).

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). "In the context of an alleged discriminatory discharge, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving

rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010) (citing *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)).

Here, plaintiff's complaint alleges neither specific dates of discrimination nor the events that occurred that give rise to her claim of discrimination. Although plaintiff checked the box on the form complaint that suggests the alleged discrimination is based on race and color, Dkt. No. 1 at 2, plaintiff's written allegations do not give rise to even a suggestion that defendant NYS OMRDD terminated her employment based on plaintiff's race, *id.* at 3-4.[3] Instead, plaintiff's complaint, taken as a whole, suggest that plaintiff was terminated as a result of allegations that she abused residents at BDC, which, according to the allegations contained in the complaint, do not relate to plaintiff's race. *Id.* For all of these reasons, I find that plaintiff's complaint fails to allege that she is a member of a protected class, or that she was subject to adverse action giving rise to an inference of discrimination based on her status as a member of a protected class. *Ruiz*, 609 F.3d at 491-92. Accordingly, I recommend that plaintiff's employment discrimination claim be dismissed.

---

[3] Indeed, plaintiff's complaint fails to even identify her race. *See generally* Dkt. No. 1.

C. Leave to Amend

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). Here, affording plaintiff the deference to which she is entitled as a *pro se* litigant, I recommend that, in the event my recommendation is adopted, she be permitted to amend her complaint to address the deficiencies identified in this report.

In the event that plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810

F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Accordingly, in his amended complaint, plaintiff must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should specifically allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations in order to establish that they were tangibly connected to those deprivations. *Bass*, 790 F.2d at 263. Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

III.   SUMMARY AND CONCLUSION

Plaintiff Thompson asserts a claim of employment discrimination stemming from defendant NYS OMRDD's termination of her employment. Even when liberally construed, however, plaintiff's complaint does not allege facts that plausibly suggest that defendant NYS OMRDD terminated plaintiff's employment based on race. Nonetheless, at this early juncture, I am compelled to recommend that plaintiff be given leave to amend her complaint to remedy the deficiencies identified in this report. For all of the foregoing reasons, it is therefore hereby

ORDERED, that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED, unless, within thirty days of any order adopting this report and recommendation, plaintiff file an amended complaint that remedies the deficiencies identified in this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby further ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the plaintiff in accordance with this court's local rules.

Dated:   April 22, 2013
         Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge